RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 1 0 2017

FILED
DOCKETED

ANGEL ORTIZ DIAMOND II

3818 CRENSHAW BLVD

LOS ANGELES, CA 90008

PH; 323 702 2965

IN PRO SE

CASE NUMBERS ON APPEAL

CIVIL RIGHTS 16-56036 RICO 9480129

UNITED STATES COURT OF APPEAL

FOR THE NINTH CIRCUIT


ANGEL ORTIZ DIAMOND II

PLAINTIFF and APPELLANT

V


MC DONALD CORP

CITY OF LOS COUNTY OF LOS ANGELES

COUNTY OF LOS ANGELES

DEFENDANT and APPELLEE


IN FORMAL APPEAL

TO; THE HONORABLE JUSTICES OF THE UNITED STATES COURT OF
APPEAL FOR THE NINTH CIRCUIT;

GREETINGS,

COMES NOW, ANGEL ORTIZ DIAMOND II, PLAINTIFF-APPELLANT,
REQUESTING THE COURT OF ABOVE ENTITLEMENT TO FILE THE WITHIN
CLOSING BRIEF IN THE ABOVE ENTITLED CAUSE OF ACTION

## ARGUMENT NUMBER ONE

MC DONALD CORPORATION, A DEFENDANT IN THIS ACTION ON
APPEAL, NEVER RESPOND TO THE COMPLAINT NOR SUMMONS SERVED
AT THE CORPORATE HEADQUARTERS IN THE CITY OF OAK BROOK,
ILLINOIS. LITIGATION WAS INITIATED IN FEDERAL DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA. PLAINTIFF REQUEST THE COURT OF
APPEAL TO INSTRUCT THE DISTRICT COURT TO ALLOW PLAINTIFF TO
PROSECUTE A DEFAULT PROCEEDING AGAINST MCDONALD
CORPORATION, TOGETHER WITH A MOTION FOR A SUMMARY
JUDGMENT, RELATING TO THE DEFAULT OF MCDONALD CORPORATION

## ARGUMENT NUMBER TWO

ON JUNE 15, 2015, THE TRIAL COURT CONVENED A EVIDENTIARY
HEARING TO DETERMINE THE MERITS OF A COMBINED DISMISSAL
MOTION FILED ON BEHALF OF DEFENDANTS CITY OF LOS ANGELES AND
THE COUNTY OF LOS ANGELES. THE TRIAL COURT GRANTED THE
MOTION IN VIOLATION OF PLAINTIFF'S ERROR CORAM NOBIS
OBJECTION, AND SUA SPONTE DISMISSED THE CAUSE OF ACTION, IN
TOTAL, AGAINST MC DONALD CORPORATION WITH PREJUDICE UPON
AN ALLEGATION THAT PLAINTIFF HAD FAILED TO PROPERLY SERVE THE

2

ADVERSARY; THE TRIAL COURT ABUSED ITS DISCRETION BY IGNORING

PLAINTIFF'S PLEADING, IN OPEN COURT, HE HAD PROPERLY AND
TIMELY, SERVED MC DONALD CORPORATION AND DISMISSED THE
LITIGATION AGAINST THE ORGANIZATION WITH PREJUDICE

### ARGUMENT NUMBER THREE

DURING A PREVIOUS HEARING, THE TRIAL JUDGE HAD ORDERED THE
DEFENDANTS PREPARE A COPY OF THE INCIDENT REPORT AND SERVE A
COPY  OF THE SAME ON PLAINTIFF; THE ADVERSARY PARTY NEVER
WAS IN COMPLIANCE WITH THAT COURT DIRECTIVE-ORDER, THEREOF
THE DEFENDANTS ARE IN CONTINUOUS CONTEMPT OF COURT.

### ARGUMENT NUMBER FOUR

ALL STATEMENTS ALLEGED IN PLAINTIFF'S OPENING BRIEF ARE
RESTATED HERE; THE DEFENDANTS IN THEIR RESPONSE BRIEF DECLINE
TO CHALLENGE, IN ANY PARTICULAR, THE NOMENCLATURE OF THE
RICO PLEADING ALLEGED, BY PLAINTIFF, THEREFORE PLAINTIFF'S
ASSESSMENT OF EVENTS MUST BE ACCEPTED AS A FACTUAL
AVERMENT ROOTED IN  INCONTROVERTIBLE TRUTH; THAT BEING
ALLEGE, THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT
DISMISSED PLAINTIFF'S COMPLAINT THE LAST TIME AS NOT HAVING
STATED A COGNITIVE CIVIL RIGHTS CAUSE OF ACTION UPON WHICH
RELIEF TO WIT; DAN V STUDEBAKER PACKARD (COMMITTED)

### ARGUMENT NUMBER FIVE

3

A CLASS ONE FFLONIOUS, CRIMINAL COMPLAINT WAS FILE BY AGENTS
OF DEFENDANTS BASED ON THE SAME SET OF FACT, WHICH EVOLVE
OUT THE SAME INCIDENTS.

 THE DEFENDANTS, CITY OF LOS ANGELES & COUNTY OF LOS ANGELES,
COMPLAIN THAT PLAINTIFF HAS FILED AN ACTION WHICH IS IN
VIOLATION OF THE RULE GOVERNING CIVIL LITIGATION; TO WIT;
MAINTAINING SIMULTANEOUS LITIGATION INVOLVING SAME ACTORS

FROM THE FIRST INQUIRY CONVENE INTO THE APPELLATE LITIGATION
AT BAR, THE TRIAL COURT HAS ON SEVERAL, OCCASION INTRODUCEED
PROBABLE  CAUSE INTO THE SYLLABUS OF HIS INTERPRETATION OF
PLAINTIFF'S COMPLAINT .THE FIRST LAWSUIT FILED IN THE LITIGATION
AT BAR WAS PURSUANT TO THE CLAYTON ACT; TO WIT; RICO STATURE.

PROBABLE CAUSE IS NOT REQUIRED IN RICO LITIGATION; SEEMINGLY
THE TRIAL COURT HAD NOT REALIZE THAT. AFTER A THOUGH REVIEW
OF THE FACTS OF THE CASE PLAINTIFF, COULD SEE, IN CRYSTAL- CLEAR
CLARITY THE EMERGENCE OF A TRIABLE CIVIL RIGHTS VIOLATION;
ANCILLARY TO THAT DISCOVERY, TOGETHER WITH THE REALIZATION
THE COMPLAINS WOULD BE BUILD ON TWO DISTINCTLY DIFFERENT
LEGAL THEORIES. THAT STATED, AND FOLLOWING 'SIG QUE NON',
DEFENDANT'S ARGUMENT RELATIVE TO DUPLICATIVE ACTION MUST
FAIL AND BE REJECTED BY THIS COURT OF APPEAL AS NOT FOLLOWING
LOGIC.

 PLAINTIFF IS FURTHER PREJUDICE BY THE ABANDON ON THE NEUTRAL
POSITION INCUMBENT UPON THE TRIAL COURT TO MAINTAIN
THROUGHOUT A LITIGATION. THAT POSITION BECOME SUSPECT WHEN
THE FOLLOWING ACCOUNT OF EVENTS IS PUT UNDER SCRUTINY AND
REVIEW;

**Commented [PU1]:**

4

ON THE EVENING OF DECEMBER 29TH,2012, PLAINTIFF ENJOY
COMRADERY WITH A COMPUTER TECHNICIAN ASSISTING PLAINTIFF
PREPARE AN OPENING BREE IN CIVIL PROCEEDING INVOLVING ONE OF
THE DEFENDANTS IN THE LIGATIOON AT BAR, TO WIT; THE CITY OF LOS
ANGELES. SUDDENLY TWO UNIFORM LOS ANELES OFFICERS RUSH
THROUGH THE DOORS INQUIRING AS TO WHOM, THE NOVA, GM
AUTOMOBILE PARKED ON THE FOYER, BELONG. PLAINTIFF DECLARE
HIMSELF TO BE THE PERSON RESPONSIBLE FOR THE SUBJECT
AUTOMOBILE; THE POLICE 'ORDER' PLAINTIFF TO GATHER ALL PAPERS
COMPUTERS, AND PROPERTY AND FOLLOW OUT THE RESTAURANT
OUT I NTO THE PARKING LOT.

A FULLY RESTORED 77 BUICK SKYLARK WAS ORDERED IMPOUND
BECAUSE PLAINTIFF REFUSE TO ALLOW THE OFFICER TO SEARCH IN THE
ABSENCE OF A WARRANT PRIOR TO THE TOW, NO INVENTORY WAS
MADE THE OF THE VEHICLES CONTENTS AND A RECEIPT DESCRIBING
THE SAME PLACED IN PLAINTIFF, HE BEING ARRESTED AND INTERNED
IN THE LOS ANGELES COUNTY JAIL. THE ARRESTING OFFICERS
PROMISED PLAINTIFF, THEY WOULD LIE AND WRITE IN THE INCIDENT
REPORT HE HAD GIVEN THEM PERMISSION TO SEARCH HIS CAR.

> IT IS REQUIRED BY LAW THAT A SUSPECT MUST SIGN
> WARRANT-LESS- SEARCH WAIVER. DISCOVERY WOULD
> EXPOSE THE POLICE FRAUD; WHY PLAINTIFF WAS NOT
> WORRIED.

PLAINTIFF WAS APPROACHED BY THE PUBLIC DEFENDANT WHO CLAIM
HE COULD NOT PREVAIL WITH A CHARGE LIKE EX-FELON WITH A GUN;

5

THE OFFER BY THE STATE IS 32 MONTHS IN STATE PRISON. PLAINTIFF

REJECT THE OFFER AND TOLD THE PUBLIC DEFENDER TO TELL THE
PROSECUTOR TO MAKE THE OFFER TO HIS MOTHER. PLAINTIFF FIRED
THE PUBLIC DEFENDER AND TOOK OVER THE DEFENSE OF HIS CASE
HIMSELF WON HANDILY GIVING RISE TO THE LAWSUIT AT BAE.

LITIGATION IN THE INSTANT CASE HAS BEEN ONGOING FOR FIVE YEARS
OF THIS WRITING. DISCOVERY HAS NOT BEEN ACHIEVED DUE TO THE
FACT EACH TIME PLAINTIFF SUBMITTED A REWRITTEN COMPLAINT AS
ORDERED BY THE TRIAL COURT, THE JUDGE GRANT THE DEFENSE
MOTION TO DISMISS AND THUS NO DISCOVERY HEARING IS TENDERED.

PLAINTIFF REQUEST THE COURT OF APPEAL TAKE

JUDICIAL NOTICE

EACH APPEARANCE PLAINTIFF MADE IN THE TRIAL COURT, UNIFORM
U.S. MARSHALS WOULD ARRIVE SHORTLY THEREAFTER. AT THE
CONCLUSION OF THE HEARING, PLAINTIFF WOULD BE ACCOMPANIED
TO THE FRONT DOOR OF THE ROY BALL COURTHOUSE BUILDING .AND
OUT THE EXIT; HAD A JURY BEEN PRESENT PLAINTIFF WOULD HAVE
SUFFERED IRREPARABLE, UNREHABILITATED, IRREVERSIBLE, DAMAGE,
TO PLAINTIFF'S LITIGATION

SUMMATION

THE POLICE WRAP UP THEIR INVESTIGATION INVOLVING PLAINTIFF
AND THE INCIDENCE AT BAR. THE ARRESTING OFFICERS PLACED
PLAINTIFF IN THE REAR SEAT OF A POLICE CRUISER AND BEGAN THE
TRIP TO JAIL.

| Commented [PU2]: |
| --- |

6

FAST FORWARD FOUR MONTHS AND PLAINTIFF EMERGE FROM THE
INMATE -RELEASE AT THE REAR OF THE LOS ANGELES COUNTY COT JAIL
IN A WHEEL-CHAIR WITH A SINGLE PIECE OF PROPERTY; PLAINTIFF'S
DRIVING LICENSE. FOR THE DISTRICT TO CONCLUDE PLAINTIFF HAS NOT
IN THE FIR. FOR THE DISTRICT TO CONCLUDE PLAINTIFF HAS NOT IN
THE FIRST INSTANCE HAD NOT PLEAD A RICO COMPLAINT, AND HAD
NOT PLEAD A CIVIL RIGHTS CASE IN THE SECOND INSTANCE, HAS NOT
SEEMINGLY RECOGNIZED THE ENORMOUS WRONG, THE DISTRICT
COURT HAS SUBJECT PLAINTIFF TO. HAD THE CASE NOT BEEN
DISMISSED AS CASE LAW HAS DECIDED AGAINST IT ON, IF A PLAINTIFF
CAN PUT ALMOST EVERY OCCASION AS IN DAN V STUDEBAKER-
PACKARD, IF A PLAINTIFF CAN PUT TOGETHER ANY SET OF FACT WHICH
WOULD ENTITLE THE PLAINTIFF TO RELIEF; IN THE OPINION OF THE
DAN LITIGATION, THE COURT PUBLISH AN OPINION WHICH STATED "A
COMPLAINT SHOULD NOT BE DISMISSED"

PLAINTIFF REQUEST THE COURT OF APPEAL TAKE NOTICE

THAT THE DISMISSAL BY THE DISTRICT COURT DEPRIVED

DISCOVERY OF HIS MEDICAL RECORD THEREFORE

PLAINTIFF IS NOT ABLE TO DEMONSTRATE HIS INJURY

DATE; OCTOBER 14, 2017

PLAINTIFF RESPECTFULLY SUBMIT THIS APPEAL

ANGEL ORTIZ DIAMOND II

ATTORNEY FOR PLAINTIFF

IN PRO SE

7